Wardlaw, J.,
dissenting. A new and special tribunal must be kept within the limits of-its jurisdiction, and when circumstances are mentioned in the Act creating it, to point out the occasion for its action, they must exist to render its action lawful.
The Act of 1839, (11 Stat. 21, sect. 23,) condenses the material parts of the Acts of 1812 (5 Stat. 676) and 1817 (6 Stat; 68) concerning the expeditious remedy of landlords against tenants holding over; and it uses general phrases, such as “ try the facts,” “ entitled to the possession,” for particulars which are enumerated in the Act of 1812: but, except that it extends the remedy to cases of leases by parol as well as those in writing, the Act of 1839 has not been supposed to enlarge the jurisdiction of the Court of Magistrates and Freeholders, constituted by the former Acts. What is meant by the words “ on the determination of any lease,” used in both the Act of 1839 and that of 1812 ? The Act of 1812 clearly shows. These words refer to “ the expiration of the lease,” and mean when the term for which the premises were demised “ is fully ended.” When the facts have been found, one of which is that the “ term is fully ended,” the magistrates may issue their warrant. The determination of a lease by forfeiture, was not a case that, according to the preamble of the Act of 1812, called for legislative aid, and being a matter that usually involves more technical learning than the ending of a lease by efflux of time, it was left to the pre-existing law. The new remedy was expressly made cumulative, and was confined to the simple case, which is clearly defined.
The 8th section of the Act of 1817 has been supposed to show that cases of forfeiture were within the Act of 1812 ; but to my mind it appears confirmatory of the contrary-view. It shows that the “ residue of the unexpired term” belonged to a lease not ended by efflux of time, although an act of forfeiture had taken place; it provides a new cause of forfeiture, and by authorizing proceedings for that cause, *52 excludes the implication that other causes of forfeiture were embraced. JUxpressio unius est exclusio alterius.
But supposing- that this inferior Court might proceed upon the determination of a lease by forfeiture, can it be said that a lease containing a condition of forfeiture for nonpayment on demand of rent in arrear, has been determined by several demands and refusals, not one of which took place on the premises demised? It will not do to say that here the -jury have found a sufficient demand. Instructions that demand on the premises was necessary, were asked of the presiding magistrate, and he refused to give them. It is manifest that the demands which were shown had been made by letter. See Co. Lit. 144 a, 153 a, b, 201 b; Plow. 133; 1 Bac. Ab. Conditions, O. 4.
“ A demand to avoid an estate for condition broken must be made on the land. Where the condition is .payment of rent, the land out of which the rent issueth is the principal debtor, and that is the place of demand appointed by the law.”
There must have been some moment when the lease ceased to have energy; this moment, in case of forfeiture, could only have been when the lessor or his heir, having entered, became possessed of the same estate which he held before the lease. Up to that moment the cause of forfeiture might have been forgiven, and the tenant would have continued to hold by efficacy of the original lease.
“ Regularly when any man will take advantage of a condition, if he may enter, he must enter; and when he cannot enter, he must make a claim.”
It has been said that the house was barred so that entry could not have been made. Demand and entry are necessary forms, even although neither the tenant nor any other person is on the land. It was not necessary to enter the house, for a demand on any part of the land was sufficient. If there was no land besides the house, a demand on the door sill *53 would have sufficed, or whatever else was the nearest approach that the landlord could make to that solemn ¡entry, which might- show that the tenant’s right of possession was thereby reconveved to the landlord.
Might, a landlord, without entry, assert that a tenant’s lease had been determined by forfeiture, because of an alleged conveyance of a freehold estate, and thereupon.proceed before magistrates and freeholders to try this question of forfeiture?
I adhere to the opinion which I formed on the circuit.

Motion granted.